| B104 (Rev. 2/92) | ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | FILING FEE PAID | ADVERSARY PROCEEDING NUMBER (Court Use Only) FEB 11 '05 05-1045 |
|---|---|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| DISCOVER BANK | GARY J. KOUNER |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Edward P. McCarthy<br>Rosen & McCarthy, LLP<br>4 Whittier Road<br>Natick, MA 01760 (508) 907-6444 | Timothy M. Mauser<br>Mauser & DiPiano, LLP<br>98 Washington St., Ste 305<br>Boston, MA 02114 (617) 720-5585 |

PARTY (Check one box only)     G 1 U.S. PLAINTIFF     G 2 U.S. DEFENDANT     G 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Plaintiff asserts that the Debtor's Debt is excepted from discharge pursuant to 11 USC § 523(a)(2)(A) and (B) based upon the Debtor's fraudulently securing credit on a personal loan with the personal and/or financial information of his father

**NATURE OF SUIT** (Check the one most appropriate box only.)

- G 454 To recover money or property
- G 435 To determine validity, priority, or extent of a lien or other interest in property
- G 458 To obtain approval for the sale of both the interest of the estate of a co-owner in property
- G 424 To object or to revoke a discharge 11 U.S.C. § 727
- G 455 To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan
- X 426 To determine the dischargeability of a debt 11 U.S.C. § 523
- G 434 To obtain an injunction or other equitable relief
- G 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan
- G 456 To obtain a declaratory judgment relating to any of the foregoing of action
- G 459 To determine a claim or cause of action removed to a bankruptcy court
- G 498 Other (specify)

**ORIGIN OF PROCEEDINGS** (Check one box only.): X 1 Original Proceeding | G 2 Removed Proceeding | G 4 Reinstated or Reopened | G 5 Transferred from Another Bankruptcy Court | G CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

| DEMAND $ 20,197.32 | OTHER RELIEF SOUGHT | G JURY DEMAND |
|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
|---|---|
| GARY J. KOUNER | 04-17421-JNF |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| Massachusetts | Eastern | JNF |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| | | |

| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| | | |

**FILING FEE** (Check one box only.)     G FEE ATTACHED     G FEE NOT REQUIRED     G FEE IS DEFERRED

| DATE | PRINT NAME | SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|---|---|
| 2/10/2005 | Edward P. McCarthy | Edward P. McCarthy |

B 104 Reverse (Rev. 2/92)

FEB 11 '05 AM 11:39 USB

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

*FILING FEE PAID*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
In Re:      \*
    **GARY J. KOVNER**    \*    Case No. 04-17421-jnf
        \*    Chapter 7
    Debtor    \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**DISCOVER BANK**    \*
    Plaintiff    \*    A.P. No. 05-
        \*
    v.    \*
        \*
**GARY J. KOVNER**    \*
    Defendant    \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT TO EXCEPT DEBT FROM DISCHARGE

### PARTIES AND JURISDICTION

1. The Plaintiff, Discover Bank (hereinafter the "Plaintiff"), is a duly organized corporation having a place of business in Greenwood, Delaware.

2. The Defendant, Gary J. Kovner (the "Debtor"), is an individual having a usual place of residence at 112-114 Burrill Street, Swampscott, Massachusetts.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157 (b)(1), and 11 U.S.C. § 727; this adversary is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

### CAUSES OF ACTION

### COUNT 1

**(To Except Debt owed the Plaintiff on Account Number 940-2-810-013593 from Discharge Pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (B))**

4. The Plaintiff reavers and realleges the allegations contained in Paragraphs 1 through 3 above as if fully set forth herein.

5. On or about September 9, 2004 (hereinafter the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code.

6. Pre-petition, on or around February 8, 2002, the Debtor applied via telephone to the Plaintiff for a personal loan in the amount of $50,000.00.

7. In making application to the Plaintiff for a personal loan, the Debtor intentionally used the name, social security number and personal information of his father, Richard L. Kovner, rather than his own.

8. At the time that the Debtor intentionally used the name, social security number and personal information of his father, to secure a personal loan from the Plaintiff, the Debtor did so without the permission or the knowledge of his father or the Plaintiff.

9. In making application to the Plaintiff for the personal loan, the Debtor submitted to the Plaintiff falsified documentation and information for the purpose of inducing the Plaintiff to extend credit to the Debtor.

10. In reliance on the Debtor's falsified information, the Plaintiff issued a personal loan by issuing a check for the proceeds payable and mailed to Richard L. Kovner at 114 Burrill Street, Swampscott, MA 01907.

11. Thereafter, the Debtor forged Richard L. Kovner's name on the proceeds check and deposited same for the personal loan in the amount of $20,000.00. for which the Plaintiff has not been reimbursed.

12. The Debtor's action as described above constitutes fraud committed upon the Plaintiff.

13. The sums owed by the Debtor to the Plaintiff represent money, property, services or an extension, renewal or refinancing of credit obtained by false pretenses, a false representation or actual fraud pursuant to 11 U.S.C. § 523(a)(2)(A).

14. By falsifying the personal loan application, the Debtor made materially false statements respecting his financial condition upon which the Plaintiff reasonably relied and which the Debtor caused to be made with the intent to deceive the Plaintiff pursuant to 11 U.S.C. § 523(a)(2)(B).

15. Pursuant to 11 U.S.C. § 523, the debt owed by the Debtor to the Plaintiff should not be discharged in bankruptcy.

16. The Debtor should not be allowed to benefit from his false pretenses, false representations and fraud by being allowed to discharge this obligation.

WHEREFORE, the Plaintiff, Discover Bank, pursuant to 11 U.S.C. § 523(a)(2)(A) and (B), requests the entry of a Judgment against the Debtor excepting from discharge the debt owed by the Debtor to the Plaintiff to the extent of the $20,197.32, plus interest; to enter a money judgment in favor of the Plaintiff and against the Debtor in the sum of $20,197.32, plus interest; and to enter such further relief that this Court deems just and proper.

DISCOVER BANK
By its Attorney,

FEB 11 '05 AM 11:40 USB

_____
Edward P. McCarthy
Rosen & McCarthy, LLP.
4 Whittier Road
Natick, Massachusetts 01760
(508) 907-6444
BBO# 555115

Dated: February 10, 2005